UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| STEVEN MULLINS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16 CV 1615 CDP |
| RICHARD LISENBE et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Steven Mullins, an inmate at the Phelps County Jail, for leave to commence this action without prepayment of the required filing fee. (Docket No. 5). Upon consideration of the financial information provided with the motion, the Court will grant the motion and waive the initial partial filing fee. In addition, plaintiff will be permitted to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a "Resident Account Summary" form showing that there had been no deposits made to his account, and an average monthly balance of $0.00. The Court will therefore waive the initial partial filing fee. However, plaintiff is not excused from ultimately paying the entire $350 filing fee. The agency having custody of plaintiff will be directed to begin forwarding payments from plaintiff's inmate account pursuant to 28 U.S.C. § 1915(b)(2), until the full amount of the entire $350.00 filing fee is paid..

### 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Determining whether an action fails to state a claim upon which relief can be granted requires a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

Pro se pleadings are liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Even so, a pro se complaint must contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

**The Complaint**

Plaintiff initially filed the instant complaint in another case in this Court, proceeding jointly with another prisoner and purporting to bring claims on behalf of many other prisoners. *See Owen v. Lisenbee*, No. 4:16-cv-1567-AGF (E.D. Mo. filed September 30, 2016) (hereafter "*Owen v. Lisenbee*"). On October 17, 2016, after noting that multiple prisoners may not join together in a single lawsuit, the *Owen v. Lisenbee* Court struck Mullins from that action and opened the instant action as a new civil case, utilizing the same complaint. Therefore, the instant complaint purports to bring claims on behalf of multiple prisoners, which is impermissible. *See Georgeoff v. Barnes*, 2:09-cv-14-ERW, 2009 WL 1405497 (E.D. Mo. May 18, 2009).

Because plaintiff is proceeding *pro se*, the Court will provide him an opportunity to file an amended complaint containing all of the allegations he wishes to bring against each defendant. All of plaintiff's claims in this action must be included in one centralized complaint

form.  Plaintiff must not include exhibits, correspondence, or memoranda.  Plaintiff must follow the Court's instructions relating to the filing of his amended complaint, as set forth below.

The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8(a) requires that a complaint contain a **short and plain** statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  Rule 10(b) requires that a party must state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.  In other words, the amended complaint should not be overly wordy or repetitive.  It should instead be limited to the "who, what, when, and where" of the facts of plaintiff's claim or claims.

Plaintiff must name each defendant against whom he is pursuing allegations, and clearly identify each defendant by name and title, as far as he knows it.  Plaintiff must also articulate, <u>for each named defendant</u>, the specific facts about that defendant's alleged wrongful conduct.  Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.  Plaintiff must also specify the capacity in which he is suing each defendant, whether it is in his or her official or individual capacity, or both.  *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of the amended complaint **completely replaces** the original, and claims that are not re-alleged are deemed abandoned.  *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to timely file an amended complaint in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff is excused from paying an initial partial filing fee; however, plaintiff will not be excused from ultimately paying the entire $350 filing fee.

**IT IS FURTHER ORDERED** that the Clerk of Court shall direct the agency having custody of plaintiff to begin forwarding payments from plaintiff's inmate account pursuant to 28 U.S.C. § 1915(b)(2), until the full amount of the entire $350 filing fee is paid.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint in accordance with the instructions herein within thirty (30) days of the date of this Memorandum and Order.

Plaintiff is cautioned that his failure to timely comply with this Memorandum and Order shall result in the dismissal of this action without prejudice and without further notice.

Dated this 22nd day of December, 2016.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE