# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN MULLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-cv-1615-CDP ) |
| RICHARD LISENBE, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint filed by plaintiff Steven Mullins. Plaintiff is proceeding herein *pro se* and *in forma pauperis*.

Plaintiff initially commenced this action jointly with another inmate, purporting to bring claims on behalf of other prisoners. *See Owen v. Lisenbee*, No. 4:16-cv-1567-AGF (E.D. Mo. filed September 30, 2016) (hereafter "*Owen v. Lisenbee*"). On October 17, 2016, after noting that multiple prisoners may not join together in a single lawsuit, the *Owen v. Lisenbee* Court struck plaintiff from that action and opened the instant action as a new civil case, and plaintiff was given the opportunity to submit an amended complaint.

Plaintiff then filed an amended complaint. Therein, he alleges that the overcrowding of the Phelps County Jail is unconstitutional and causes deprivation of basic human needs such as food, exercise, sufficient and sanitary restroom/shower facilities, sufficient recreation areas and outside recreation, and also causes heightened stress and frustration. Plaintiff also alleges that there is no opportunity to attend religious services. He seeks declaratory, injunctive, and monetary relief, and he asks this Court to order his release.

Throughout most of the amended complaint, plaintiff once again purports to bring claims on behalf of others. For example, regarding his allegations of overcrowded conditions leading to deprivation of food, plaintiff alleges that during supper on September 18, 2016 "we" received two meat sandwiches but only one condiment, and "we" were informed that condiments were being rationed. (Docket No. 10 at 8). Elsewhere, plaintiff claims that the overcrowded conditions result in a lack of storage space "for anyone housed in the pod," that the dining facilities are so crowded that "twenty (20) people must stand to eat," that due to a lack of bunk space "twenty (20) persons sleep on the floor," and that there are so few toilets that there is a long wait time. (*Id.* at 9-10). Plaintiff lacks standing to bring claims alleging mistreatment of other inmates. Instead, plaintiff must allege a personal loss. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Further, plaintiff is not an attorney and is not authorized to assert constitutional claims on behalf of others. *See* 28 U.S.C. § 1654.

In addition, while plaintiff states that the defendants denied him opportunities to participate in religious services and to exercise, he provides no details regarding when such deprivations began or how long they lasted. Finally, while plaintiff sues the defendants in their individual capacities, he fails to clearly explain how each defendant is personally responsible for the alleged constitutional violations. Instead, plaintiff appears to allege defendants are liable to him because they held administrative or supervisory positions. *See Martin*, 780 F.2d at 1334 (claim not cognizable under § 1983 where plaintiff fails to allege the personal responsibility of defendant); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). In recognition of plaintiff's *pro se* status, he will be given the opportunity to submit a second amended complaint.

In the second amended complaint, plaintiff should avoid attempting to bring claims on behalf of other inmates. Instead, he should set forth the manner in which he believes the defendants violated his constitutional rights. In the "Caption" section of the second amended complaint, plaintiff should write the first and last name, to the extent he knows it, of each defendant he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should (1) set forth the allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights he claims that defendant is personally responsible for violating; and (2) state whether the defendant is being sued in his/her individual capacity or official capacity. Plaintiff should then proceed in that same manner for each remaining defendant.

In so doing, plaintiff must set forth **short and plain** statements of his claim or claims, showing that he is entitled to relief. Plaintiff should not include long narratives, repetitive assertions, irrelevant material, or generalized, conclusory statements. Instead, plaintiff should very specifically set forth the "who, what, when, and where" of the facts of his claim or claims.

All of plaintiff's claims must be included in a single complaint form. Plaintiff must not include exhibits, correspondence, or memoranda.

Plaintiff is cautioned that the filing of the second amended complaint **completely replaces** the amended complaint, and claims that are not re-alleged are deemed abandoned. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall, within twenty-one (21) days of the date of this Order, submit a second amended complaint in accordance with the instructions set forth herein.

If plaintiff fails to timely comply, the Court will dismiss this action without prejudice and without further notice.

Dated this 23rd day of March, 2017.

/s/ Catherine D. Perry
_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE